IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO BANK, N.A., | No. C 11-05130 WHA |
| Plaintiff, | |
| v. | **ORDER REMANDING ACTION TO STATE COURT** |
| ALBERTO B. FUENTES, HELEN BUSTAMONTE, and JIMMY LOPEZ, | |
| Defendants. | |

On October 19, 2011, defendants Jimmy Lopez and Helen Bustamonte removed this action from the Superior Court of Placer County to federal district court based on federal-question jurisdiction. The complaint contains a single claim for unlawful detainer and states that the amount in controversy does not exceed $10,000 (Dkt. No. 1 at 10).

On December 12, 2011, an order to show cause issued requiring defendants to file a written response by January 3, 2012, to show cause why the case should not be remanded to state court for lack of subject-matter jurisdiction (Dkt. No. 11). Defendants did not respond to the order to show cause.

A defendant may remove a civil action from state court to federal court if original jurisdiction would have existed at the time the complaint was filed. 28 U.S.C. 1441(a). "[R]emoval statutes are strictly construed against removal." *Luther v. Countrywide Homes Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance," such that courts must resolve all

doubts as to removability in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The burden of establishing that federal jurisdiction exists is on the party seeking removal. *Id.* at 566–67.

Defendants assert federal-question jurisdiction as the basis of removal. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. 1331. The complaint does not contain any federal claims. The complaint contains a single claim for unlawful detainer based on California Code of Civil Procedure Section 1161a. And an anticipated federal defense is not sufficient to confer jurisdiction. *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10 (1983). Thus, there is no basis for federal-question jurisdiction. Given that the amount in controversy does not exceed $10,000 there is also no basis for diversity jurisdiction, had defendants removed on that basis. *See* 28 U.S.C. 1332.

For the foregoing reasons, this action is **REMANDED** to the Superior Court of Placer County.

**IT IS SO ORDERED.**

Dated: January 5, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO BANK, N.A., | No. C 11-05130 WHA |
| Plaintiff, | |
| v. | **ORDER REMANDING ACTION TO STATE COURT** |
| ALBERTO B. FUENTES, HELEN BUSTAMONTE, and JIMMY LOPEZ, | |
| Defendants. | |

On October 19, 2011, defendants Jimmy Lopez and Helen Bustamonte removed this action from the Superior Court of Placer County to federal district court based on federal-question jurisdiction. The complaint contains a single claim for unlawful detainer and states that the amount in controversy does not exceed $10,000 (Dkt. No. 1 at 10).

On December 12, 2011, an order to show cause issued requiring defendants to file a written response by January 3, 2012, to show cause why the case should not be remanded to state court for lack of subject-matter jurisdiction (Dkt. No. 11). Defendants did not respond to the order to show cause.

A defendant may remove a civil action from state court to federal court if original jurisdiction would have existed at the time the complaint was filed. 28 U.S.C. 1441(a). "[R]emoval statutes are strictly construed against removal." *Luther v. Countrywide Homes Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance," such that courts must resolve all

1  doubts as to removability in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.
2  1992). The burden of establishing that federal jurisdiction exists is on the party seeking removal.
3  *Id.* at 566–67.

4  Defendants assert federal-question jurisdiction as the basis of removal. "The district
5  courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or
6  treaties of the United States." 28 U.S.C. 1331. The complaint does not contain any federal
7  claims. The complaint contains a single claim for unlawful detainer based on California Code of
8  Civil Procedure Section 1161a. And an anticipated federal defense is not sufficient to confer
9  jurisdiction. *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S.
10 1, 10 (1983). Thus, there is no basis for federal-question jurisdiction. Given that the amount in
11 controversy does not exceed $10,000 there is also no basis for diversity jurisdiction, had
12 defendants removed on that basis. *See* 28 U.S.C. 1332.

13 For the foregoing reasons, this action is **REMANDED** to the Superior Court of Placer
14 County.

16 **IT IS SO ORDERED.**

18 Dated: January 5, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2